IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-2603-N (BT) |
| | § | |
| DAVID GUTIERREZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed *pro se* civil rights action is Defendant David Gutierrez's Motion for Summary Judgment [ECF No. 18]. For the reasons stated, Defendant's Motion should be GRANTED.

**Background**

Plaintiff David Richardson is a convicted felon who spent more than 25 years in prison, but has been on parole since August 22, 2007. *See* Def.'s Ex. C [ECF No. 20 at 18-21]. Defendant is the Presiding Chair of the Texas Board of Pardons and Paroles ("TBPP").

By his "Original Complaint" filed in state court, Plaintiff alleges that he has been denied his right to an annual review for a full pardon in violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. *See* Compl. 2 [ECF No. 1-6]. Plaintiff also alleges that "changed conditions in the procedure for [a] full pardon" resulted in a violation

of the *ex post facto* clause. *See id.* at 1. Plaintiff seeks declaratory relief in the form of a full pardon, as well as compensatory and punitive damages. *See id.* at 3.

Defendant removed the case to federal court on the basis of federal question jurisdiction, and now moves for summary judgment as to all of Plaintiff's claims on grounds that: (1) Defendant is entitled to absolute immunity; (2) Plaintiff failed to allege that Defendant was personally involved in the purported constitutional deprivation; (3) the Eleventh Amendment bars official capacity claims for money damages; and (4) qualified immunity precludes Plaintiff's claims for damages under 42 U.S.C. § 1983. *See* Def.'s Br. 5-19. With the Court's permission, Plaintiff filed an out-of-time response to Defendant's summary judgment motion. This matter is now fully briefed and ripe for determination.

## Legal Standards

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant

meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "[T]he court is under no duty to sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

**Analysis**

<u>Personal Involvement</u>

Defendant is entitled to summary judgment because Plaintiff failed to raise a genuine fact issue as to whether Defendant was personally involved in any alleged constitutional deprivation. *See* Def.'s Br. 5-6. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976)).

In this case, Plaintiff asserts that he was denied the right "to be reviewed every year for a full pardon," *see* Compl. 2, but he fails to allege that Defendant was responsible for—much less personally involved in—any decision regarding Plaintiff's entitlement to a pardon. Plaintiff further fails to present any evidence in response to Defendant's summary judgment motion to show that Defendant was actually involved in any deprivation of Plaintiff's alleged right to an annual review for a pardon. *See* Compl. 2; Resp. 1-9 [ECF No. 32]. Indeed, the record is wholly devoid of any showing that Defendant was personally involved in any decision about granting Plaintiff a pardon. Plaintiff's mere conclusory allegations that fail to set forth any specific facts as to Defendant's involvement in the conduct of which Plaintiff complains are insufficient to raise a fact issue as to Defendant's liability for a civil rights violation. *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Therefore, Defendant is entitled to summary judgment on all of Plaintiff's claims and causes of action.

Absolute Immunity

To the extent Plaintiff's Complaint can be construed to assert claims against Defendant for alleged constitutional violations related to Plaintiff's purported entitlement to a review for a pardon, Defendant is entitled to summary judgment on grounds of absolute immunity. *See* Def.'s Br. 5. "[P]arole board members are absolutely immune when performing their adjudicative functions, distinguishing such decision-making activities from administrative functions for

which parole board members are entitled to only qualified immunity." *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (citing *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990)). "[I]t is 'the nature of the function performed, not the identity of the actor who performed it, that inform[s] [the] immunity analysis.'" *Hulsey*, 63 F.3d at 356 (quoting *Forrester v. White*, 484 U.S. 219, 227-29 (1988)).

Reviewing a request for a pardon for the purpose of determining whether it should be granted is an adjudicatory function which TBPP members are entitled to absolute immunity. *See Hulsey*, 63 F.3d at 357 ("[T]he Board's denial of Hulsey's request to reopen revocation proceedings is adjudicatory in nature."); *Walrath v. United States*, 35 F.3d 277, 281-82 (7th Cir. 1994) ("[A]ctivities which are 'inexorably connected with the execution of parole revocation procedures and are analogous to judicial action' are entitled to absolute immunity." (quoting *Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir. 1984))).

Plaintiff's Complaint fails to allege any conduct other than that Defendant denied him his right to be reviewed annually for a full pardon. Plaintiff's summary judgment response fails to address Defendant's argument regarding Defendant's entitlement to absolute immunity. And, there is no evidence in the record to suggest that the parole review decision of which Plaintiff complains is anything other than an adjudicative function for which Defendant would be entitled to absolute immunity. Therefore, Defendant is entitled to summary

judgment on Plaintiff's claims that Defendant violated Plaintiff's constitutional right to an annual review for a full pardon.

Eleventh Amendment Immunity

Defendant also is entitled to summary judgment on immunity grounds to the extent Plaintiff's Complaint can be construed to allege claims against Defendant in his official capacity for monetary damages. *See* Def.'s Br. 6-7. "The Eleventh Amendment bars suits by private citizens against a state in federal court . . . ." *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (en banc) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)). "A plaintiff may not avoid this bar simply by naming an individual state officer as a party in lieu of the State." *Okpalobi*, 244 F.3d at 411. An "exception to this rule allows suits against state officials for the purpose of enjoining the enforcement of an unconstitutional state statute." *Id.*

Plaintiff did not respond to Defendant's assertion of immunity under the Eleventh Amendment. Plaintiff did not identify any evidence or legal argument that would allow him to pursue a claim against Defendant in his official capacity. Therefore, to the extent that Plaintiff sues Defendant in his official capacity for money damages, Defendant is entitled to summary judgment on those claims.

Qualified Immunity

To the extent Plaintiff is asserting a claim against Defendant in his individual capacity, Defendant is entitled to qualified immunity. *See* Def.'s Br. 7-

8. Qualified immunity is an affirmative defense to claims under Section 1983 against defendant officials. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). This doctrine "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine provides "'an immunity from suit rather than a mere defense to liability . . . .'" *Callahan*, 555 U.S. at 231 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

When assessing whether a defendant is entitled to qualified immunity, courts engage in a bifurcated analysis. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). First, the court must determine whether, under current constitutional standards, the plaintiff has alleged a violation of a clearly established constitutional right. *Id.* If the Plaintiff satisfies this initial threshold requirement, the court must then determine whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident. *Id.* A government official, such as Defendant here, is entitled to qualified immunity if either (1) the plaintiff failed to state a constitutional claim, or (2) the defendant's conduct was objectively reasonable in light of the clearly established law. *Id.* In this case, Defendant is entitled to summary judgment on qualified immunity grounds because Plaintiff cannot establish a violation of his clearly established

constitutional rights.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To bring a successful equal protection claim, [the plaintiff] must show that similarly situated persons were treated differently, and the unequal treatment resulted from discriminatory intent." *Mejia v. Sessions*, 723 F. App'x 266, 267 (5th Cir. 2018) (citing *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). Plaintiff wholly fails to allege—much less identify evidence sufficient to raise a fact issue—that he was treated differently from any other persons. Therefore, Defendant is entitled to summary judgment as to any equal protection claim.

Plaintiff contends that he has a constitutional due process right to have the TBPP consider whether to recommend him for a pardon on an annual basis. Plaintiff apparently believes this right arises out of former Texas Code of Criminal Procedure, art. 42.12, §24. Prior to 1977, this statute required the TBPP to review an offender for a possible pardon, after the offender had successfully been on parole release for a year:

> Whenever any prisoner serving an indeterminate sentence, as provided by law, shall have served for twelve months on parole in a manner acceptable to the Board, it

> shall review the prisoner's record and make a determination whether to recommend to the Governor that the prisoner be pardoned and finally discharged from the sentence under which he is serving.
>
> When any prisoner who has been paroled has complied with the rules and conditions governing his parole until the end of the term to which he was sentenced, and without a revocation of his parole, the Board shall report such fact to the Governor prior to the issuance of the final order of discharge, together with its recommendation as to whether should be restored to citizenship.

Act of June 18, 1965, 59th Leg. R.S., ch. 722, §24, 1965 Tex. Gen. Laws 497.

Similarly, TBPP Administrative Rules §143.3-143.4 govern possible consideration of pardons for offenders who have been on parole release for offenses occurring on or before August 28, 1977:

> Rule §143.3 Twelve Months on Parole: When any offender has served 12 months on parole for an offense committed on or before August 28, 1977, in a manner acceptable to the board, upon request, the board may review the offender's record upon application therefore and make a determination whether to recommend to the governor that the offender be pardoned and finally discharged from the sentence under which he/she is serving.
>
> Rule §143.4 Parolee Discharging Sentence: Whenever any offender who has been paroled for an offense committed on or before August 28, 1977, has complied with the rules and conditions governing his parole until the end of the term to which he/she was sentenced, and without a revocation of his parole, the board may report such fact to the governor prior to the issuance of the final order of discharge. The board may, at this time, recommend to the governor a full pardon as authorized by the Texas Constitution, Article IV, Section 11 and

Texas Government Code, Chapter 508.

37 Tex. Admin. Code §§ 143.3, 143.4 (2014) (Texas Bd. Pardons & Paroles, Twelve Months on Parole).

Plaintiff' has a significant criminal history. His oldest conviction dates back to January of 1980 when he pleaded guilty to rape, a second-degree felony. *See State of Texas v. Richardson*, Cause No. F-80-1858-KJ, 3rd Judicial District Court, Dallas County, Texas. Plaintiff was sentenced to not less than two years in the Texas Department of Criminal Justice ("TDCJ"). His sentence for this offense was discharged on October 11, 1982. In February of 1982, a jury found Plaintiff guilty of attempted capital murder and sentenced him to 75 years in TDCJ. *State of Texas v. Richardson*, Cause No. F-81-32625-M, 194th Judicial District Court, Dallas County, Texas. In August of 1982, Plaintiff pleaded guilty to burglary of a building, a second-degree felony, and was sentenced to 5 years in TDCJ. *State of Texas v. Richardson*, Cause No. F-81-32590-KM, 194th Judicial District Court, Dallas County, Texas. Plaintiff also pleaded guilty to unlawful possession of a firearm, a third-degree felony, and was sentenced to 5 years in TDCJ. *State of Texas v. Richardson*, Cause No. F-81-11707-M, 194th Judicial District Court, Dallas County, Texas. Plaintiff's sentences for these convictions were discharged on November 6, 1986. Finally, in August of 1989, Plaintiff pleaded guilty to forgery, enhanced, a third-degree felony, and was sentenced to 20 years in TDCJ. *State of Texas v. Richardson*, Cause No. F-81-32590-KM, 194th Judicial District

Court, Dallas County, Texas. Plaintiff's sentence for this conviction was discharged on February 19, 2011. Plaintiff has been out of prison on parole since August 22, 2007. His felony conviction for attempted capital murder has not been discharged.

None of Plaintiff's convictions are for offenses that he committed prior to August 29, 1977. Thus, Plaintiff is not entitled to any due process under TBPP Administrative Rules §143.3-143.4 or the former version of Texas Code of Criminal Procedure, art. 42.12, §24. To the extent Plaintiff wants to be reviewed for a full pardon as to any of his sentence that have been discharged, he may avail himself of the process provided for by TBPP Rule § 143.5, which provides: "[u]pon request from a person who has discharged a felony sentence or successfully completed a term of deferred adjudication community supervision, the Board will consider recommending a full pardon." *See* 37 Tex. Admin Code § 143.5 (2014). Plaintiff has not alleged that he has been denied any due process rights under TBPP Rule § 143.5. Therefore, Defendant is entitled to summary judgment as to any due process claims.

Finally, Defendant is entitled to summary judgment on Plaintiff's claim for a violation of the *ex post facto* clause. "In order to establish an *ex post facto* clause violation, [the plaintiff] must show that a law 'imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Hicks v. Davis*, 2017 WL

8784451, at *6 (N.D. Tex. Nov. 29, 2017) (quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1981)). "Two elements are required 'for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" *Hicks*, 2017 WL 8784451, at *6 (citing *Weaver*, 450 U.S. at 29). "The provision that '[n]o . . . *ex post facto* Law shall be passed,' U.S. Const. art. I, § 9, cl. 3, includes '[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" *United States v. Shakbazyan*, 841 F.3d 286, 289-90 (5th Cir. 2016) (quoting *Peugh v. United States*, 569 U.S. 530, 531 (2013)).

Plaintiff alleges that the *ex post facto* clause was violated, because "changed conditions in the procedure for full pardon was taken away." *See* Compl. 1. However, as discussed above, TBPP Rules §§ 143.3 and 143.4—which provide a process for consideration of a pardon for offenders with convictions on or before August 28, 1977—do not apply to Plaintiff, because all of his convictions occurred after the operative date for the Rules. *See* Def.'s Br. 13-14. Plaintiff has not identified any other law which would have violated the *ex post facto* clause by changing his punishment and inflicting a greater punishment than what he originally received. Therefore, Plaintiff cannot prevail on his claim for a violation of the *ex post facto* clause.

**Recommendation**

The District Court should GRANT Defendant's summary judgment motion [ECF No. 18], and DISMISS with prejudice all of Plaintiff's claims and causes of action.

DATED: August 17, 2018.

______________________________
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).